LINCOLN JOINT STOCK LAND BANK, Appellee, v. J. C. HANSEN et al., Appellees, and A. H. BEWSHER, Appellant.

No. 43140.

DECEMBER 17, 1935.

Harold V. Alberti, for appellant.

Frank E. Northrop, and Fred M. Deweese, for appellee Lincoln Joint Stock Land Bank.

Addison G. Kistle, Paul E. Roadifer, and George S. Wright, for appellees J. C. Hansen and wife.

HAMILTON, J.—The Lincoln Joint Stock Land Bank of Lincoln, Nebraska, on the 21st day of May, 1934, commenced an action for the foreclosure of a mortgage given by J. C. Hansen and wife, Louise H. Hansen, upon a 67-acre tract of land situated in Pottawattamie county, Iowa. This farm was formerly owned by one Keeline, of considerable wealth, who built and equipped it for a large chicken ranch. The land is now owned by the defendant Bewsher, who on the 4th day of August, 1934, filed a motion for continuance to March 1, 1935. The court, on October 17, 1934, granted a continuance until January 15, 1935. Another motion was filed on January 10, 1935, asking for a continuance until March 1, 1935. On motion of the plaintiff and the defendant Hansen, said application was stricken by the court. Thereupon Bewsher served notice of appeal from said order and made application for a stay of the proceedings. Said stay was ordered on the filing of a bond in the sum of $1,500. There was also a stay granted by the Supreme Court upon the filing of a $500 bond. On February 11, 1935, Bewsher dismissed his appeal, and on the same day filed a substituted application for continuance to March 1, 1937. After a hearing, this application was denied, and, from the order denying the continuance on this last application, the defendant Bewsher has appealed to this court. No supersedeas bond was filed. A stay order was applied for and granted by the district court on condition that the appellant file a bond in the sum of $750, on or before the 2d of April, 1935. No bond was ever filed and hence no stay perfected. The cause proceeded to trial, resulting in a decree for the plaintiff, including the appointment of a receiver to collect the rents and profits. This final judgment and decree was entered on April 3, 1935, and no appeal has been taken therefrom, and the time for appeal has long since expired.

Appellees have filed a motion to dismiss appeal, in which it is shown that said cause was set down for hearing before the court on its merits on the 3d day of April, 1935, on which date the same was tried and submitted to the district court of Iowa in and for Pottawattamie county; that the defendant by his attorney was present in open court, and on that date judgment and decree of foreclosure was rendered and entered of record. Certified copy of the decree of the court is attached to the motion. On the 9th day of September, 1935, by stipulation joined in by all the parties, a receiver was appointed, wherein it was stipulated that Bewsher might remain as a tenant in possession of said premises without payment of any additional rent until the 1st of March, 1936, and in which Bewsher's right of redemption was preserved, which stipulation contained this statement: "Nor shall anything herein contained be construed to deprive the receiver to be appointed by the court from taking possession of said premises on the first day of March, 1936." This is marked on the margin, "O. K. as to form," by Harold V. Alberti, attorney for defendant Bewsher but it is likewise signed by said attorney.

It is the contention of appellees that, since no stay order was perfected, no supersedas bond filed, and the case has proceeded to final judgment and decree, and no appeal been taken therefrom, the determination of the question of the right to the continuance now becomes futile. We are inclined to agree with the appellees. More than 120 days have intervened since the granting of said final order and decree, and hence it is too late to appeal from said judgment and decree. There is nothing that this court or any other court can do now to change or alter this final judgment and decree in the absence of some direct attack thereon. Should the court find that the order refusing to grant a continuance should be reversed, of what benefit would it be to the appellant? It is unfortunate that the appellant was unable to obtain bond to perfect his stay of the case until the matter appealed from could be determined, but without such stay plaintiff was at liberty to proceed in the regular and orderly manner provided by statute (Acts 46th G. A. ch. 115), and was acting within its rights in having the case set down for hearing on its merits and determined. It does not appear that any advantage was taken of the appellant or his attorney. The attorney was at all times present in court and

24

O. K.'d the decree as to form and later joined in a stipulation with reference to the appointment of a receiver.

We can see no escape from the conclusion that this matter has become moot, or at least the determination of the same would avail the appellant nothing, and the appellees are entitled to a dismissal of the appeal. There is no longer an enforceable right involved in this appeal. Independent School Dist. v. Pennington, 181 Iowa 933, at page 936, 165 N. W. 209. Having reached this conclusion, it is unnecessary to determine the case on the merits. We will say, however, that we have read the record and think the lower court did not abuse its discretion in refusing the continuance under the circumstances in this case.— Appeal dismissed.

KINTZINGER, C. J., and all Justices concur.