CONNECTICUT MUTUAL LIFE INSURANCE Co., Appellee, v. LILLIE DELL CROZIER, Appellant.

No. 43174.

FEBRUARY 20, 1936.

Leon N. Miller, for appellant.

J. H. Johnson, for appellee.

ANDERSON, J.—This appeal involves questions raised under chapter 179 of the Acts of the 45th General Assembly, and chapter 110 of the Acts of the 46th General Assembly (chapter 500 of the 1935 Code), known as the "Moratorium Acts".

The plaintiff-appellee, Connecticut Mutual Life Insurance Company filed its petition in equity on September 12, 1933, against the defendant, to foreclose a mortgage upon certain real estate in Marion county, Iowa, upon which there was an amount due approximating $27,000. Judgment and decree was entered in accordance with the prayer of plaintiff's petition on the 28th day of October, 1933. A special execution was ordered, and sale thereunder was had on December 18, 1933. The appellant-defendant, Lillie Dell Crozier, the title holder of the real estate involved, filed an application for extension of the period of redemption under the provisions of chapter 179 of the Acts of the 45th General Assembly. Resistance to this application was filed by the appellee December 19, 1934, and an amendment to such resistance was filed February 12, 1935. It does not appear that this application was ever ruled upon.

On February 25, 1935, the appellant filed another application for an extension of the period of redemption based upon the provisions of chapter 110 of the Acts of the 46th General Assembly (Code 1935, chapter 500). Resistance was filed to this application, and a hearing was had thereon resulting in an order denying the application. From such order this appeal is prosecuted.

In the order denying the application the trial court found that the debtors were hopelessly insolvent and that the real estate mortgaged is of far less value than the amount of the debt; that no interest or taxes have been paid for several years; and that after the debt evidenced by the mortgage and taxes had become delinquent, the debtor leased the land to her son for a two-year period for cash rental and transferred the rent notes to a third party, and thus deprived the plaintiff of any of the rents and profits for the two-year period. The court further found that the moratorium statute was not applicable to the situation as presented by the record.

It appears without controversy that the mortgaged premises are not worth to exceed $17,000; and that the total indebtedness of the appellant is approximately $38,000, or more than double the value of the entire assets of the appellant. Under the record in this case we would be compelled to hold that the appellant is not entitled to an extension of the period of redemption under the moratorium act even though she had placed herself within the provisions of such act.

**■■■** Chapter 179 of the Acts of the 45th General Assembly, under which the first application for extension of the period of redemption was filed, provides in section 1 thereof as follows:

"In any action, for a real estate foreclosure of a mortgage or a deed of trust, which has been commenced in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1935, and in the meantime the such owner or owners may redeem such property, and are entitled to possession thereof."

It will be noticed that the first application filed by appel-

lant was under the provisions of the quoted act. It will also be noted that the act in question deals only with such real estate foreclosure cases which *had been commenced* at the time the act became a law. The act became a law on March 18, 1933. This action was commenced on the 12th day of September, 1933. In other words, this action had not been commenced when chapter 179 became a law. As we said in Metropolitan Life Insurance Company v. Reimer, 220 Iowa 1162, 263 N. W. 826:

"It is clear under its plain terms and provisions that the legislature only intended to deal with that type of foreclosure suits which had been commenced at the time chapter 179 became a law and in which either a decree had been or would be entered and in which the period of redemption had not expired." This disposes of any claims of the appellant under the first application for an extension of the period of redemption.

■■■ The second application for extension of the redemption period was under chapter 110 of the Acts of the 46th General Assembly. In this act we find the following provisions:

"Sec. 2. In any action, for the foreclosure of a real estate mortgage or a deed of trust, which has been commenced prior to March 1, 1935, in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1937, and in the meantime said owner or owners may redeem such property, and are entitled to possession thereof."

The question now is: Did the appellant bring herself within the terms and provisions of this statute? The facts are not in dispute. The sheriff's sale was had on the 18th day of December, 1933, and the land was sold under special execution. The last application for extension of the period of redemption was not filed until February 25, 1935. The period of redemption expired on the 18th day of December, 1934. It thus appears without controversy that the redemption period had expired prior to the time that appellant filed her application for extension of the period of redemption. In Metropolitan Life Insurance Company v. Reimer, supra, we held under a similar state of facts:

42

"In the case at bar, at the time the application was filed, the right of redemption had expired * * * and the appellants were not entitled to any relief whatever under the statute." In that case a sheriff's deed had been issued, but such fact could have nothing to do whatever with the application of the statute which specifically provides that the application for extension of the period of redemption may be filed *when the redemption period has not expired.* As has been noted, the redemption period had expired more than two months prior to the filing of the application for extension of the redemption period. See, also, Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833.

It follows from the foregoing that the ruling of the trial court denying the application for the extension of the period of redemption was right, and an affirmance necessarily follows.— Affirmed.

DONEGAN, C. J., and ALBERT, MITCHELL, KINTZINGER, PARSONS, RICHARDS, and HAMILTON, JJ., concur.