W. P. RONAN, Appellant, v. TOLLEF G. LARSON et al., Appellees.

No. 44221.

APRIL 5, 1938.

E. J. Hook and C. N. Houck, for appellant.

A. C. Lynch, for appellees.

ANDERSON, J.—This appeal involves the question as to whether the lower court erred in entering an order extending the period of redemption under the Acts of the 47th General Assembly, ch. 78, or what is commonly referred to as the last moratorium act.

The action to foreclose the mortgage in question was commenced in 1934, and a motion to continue the same under the provisions of the first moratorium act, Acts 45th General Assembly, ch. 179, was denied. Judgment and decree was entered and the mortgaged property sold under special execution. Prior to the expiration of the statutory period of redemption, the defendants made an additional application for extension of the period of redemption under the so-called second moratorium act. Acts 46th General Assembly, ch. 110. This second application was granted and the court entered an order extending the period of redemption to March 1, 1937, and appointed the plaintiff, appellant, receiver of the real estate during the extended period giving him sole charge of the premises with authority to collect the rents and profits and otherwise manage the farm. Prior to the expiration of this extended period of redemption, the appellees, defendants, again filed a motion for an extension of the period of redemption under the provisions of the Acts of the 47th General Assembly, ch. 78, known as Senate File 16, and this application was granted by the court and the redemption period extended to March 1, 1939, and from such order this appeal is prosecuted.

The mortgage involved was for $11,000 and covered 200 acres of farm land in Winneshiek County, Iowa. The real estate was sold under the special execution for the full amount of the judgment, interests, and costs in the sum of $12,982. Since the execution sale, in which the plaintiff, appellant, was the purchaser, the farm has been rented by the plaintiff, appellant, as receiver for the sum of $800 per year cash rental.

The principal question involved is one of fact. No question is raised as to the jurisdiction of the court or as to the constitutionality of the act, but appellant contends that the application for continuance is not made in good faith; that the appellees are insolvent; that the security is inadequate; and that waste and depreciation of the security is occurring. While the moratorium act provides that insolvency of the debtor and inadequacy of the security shall not alone be sufficient upon which

to base a denial of a motion for continuance, and while this court has sustained such provisions, yet, in all of the many cases that we are called upon to determine, these questions have received more or less notice and consideration. Under appellant's first proposition the question of inadequacy of security is raised. And the appellant cites and relies upon the cases of Connecticut Mutual Life Insurance Co. v. Crozier, 221 Iowa 38, 265 N. W. 166; Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338; and a Nebraska case, First Trust Company of Lincoln v. Stenger, 130 Neb. 750, 266 N. W. 642. In the cases cited the facts were not comparable at all with the facts as disclosed in the present case. In the case at bar the record shows that the land involved is of the best class of farm land in Winneshiek County; that it is practically all under cultivation and very productive. The testimony varies widely as to its value; the appellant's witnesses fixing the value at $55 or $60 an acre, and the appellees' witnesses fixing the value at approximately $100 per acre. The appellant's statement in his brief that the evidence shows that the mortgage debt is largely in excess of the value of the security is hardly a fair statement under the record. We are more disposed to follow the testimony of the appellees' witnesses as to this value than we are those of the appellant, and if the testimony of the appellees' witnesses is true, then the value of the real estate exceeded by several thousand dollars the amount due under the mortgage decree. In the Crozier case, supra, there was no controversy as to the value of the premises. The mortgaged property in that case was not in excess of the value of $17,000, and the total indebtedness was $38,000, or more than double the value of the entire assets of the appellant. The action of the lower court in denying an extension of the period of redemption under the Acts of the 46th General Assembly, ch. 110, was affirmed in the Crozier case for the reason that the application for the extension was filed too late and that the court did not have authority to grant the extension. And in the Nebraska case, supra, the court found that the amount due on the mortgage far exceeded the value of the security, and the court based its denial of a right to a continuance upon this fact. Of course, the Nebraska law did not contain the provision, that is now a part of our last moratorium act, that inadequacy of security and insolvency are not sufficient upon which to base an order refusing the extension

of the redemption period. We have held that under our moratorium acts continuance or extension is the rule and the last act, which is directly involved in the instant appeal, provides that the extension shall be granted unless upon hearing the application therefor good cause is shown to the contrary or it is found that the application is not made in good faith. This act places the burden of proof upon the mortgagee to show that the application is not made in good faith or that the defendant is not entitled to the extension under all the, facts existing. Each case, however, must be determined upon its own peculiar facts especially where there is no question of jurisdiction involved. See Replogle v. Ebert, 223 Iowa 1007, 274 N. W. 87; Augustana Pension and Aid Fund v. Nagle, 219 Iowa 1337, 261 N. W. 771; First Tr. Joint Stock Land Bank v. Albers, 224 Iowa 865, 277 N. W. 451.

It appears that the appellees have made good faith efforts to refinance the farm. The testimony is without dispute that they had procured at least one purchaser for the land and that a bank was willing to loan $8,000 on the property, and the purchaser agreed to put up an additional $8,000 and take title to the land with a contract back to the defendants that they might repurchase the same at any time within two years for the amount of the $16,000, and that the $16,000 would have been more than sufficient to discharge the appellants' indebtedness. This deal, however, was not consummated for some reason not explained in the record, but the defendants testified that if that deal could not be consummated that they felt confident that they could obtain the necessary funds to refinance in some other way. In other words, considering the situation as a whole, the value of the land, the amount of the indebtedness, the fact that prices of farm products have materially increased, and that farm values have also increased, we feel that it cannot be said, under the record in this case, that there is no possibility that the owners will not be able to either sell the farm at a price above the mortgage indebtedness or refinance the same within the period of extension. Similar situations were noted and discussed in the cases of Augustana Pension and Aid Fund v. Nagle, supra, and Replogle v. Ebert, supra.

We have held that the trial court's determination that good cause does not exist for denying a continuance under the moratorium statutes will not be disturbed on appeal unless there is

shown an abuse of discretion. Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338, and other cases cited.

In the instant case the same trial court who heard the evidence and granted the first extension in the instant case also heard the evidence and granted the extension from which this appeal is prosecuted, and consequently is more familiar with the existing situation and circumstances than this court possibly can be, and being so familiar the trial court has twice granted extensions of the periods of redemption. We cannot say that there was an abuse of discretion on the part of the trial court in doing so." It is our conclusion that the trial court did not err in entering the order granting the extended period of redemption which is involved in this appeal and an affirmance necessarily follows. —Affirmed.

STIGER, C. J., and KINTZINGER, RICHARDS, MITCHELL, DONEGAN, HAMILTON, SAGER, and MILLER, JJ., concur.