FEDERAL FARM MORTGAGE CORPORATION, Plaintiff, Appellee, v. BEN MURDOCK et al., Defendants, ELLA G. WOOD, Defendant, Appellant.

No. 44135.

DECEMBER 30, 1938.

Franklin L. Pierce, Leon W. Powers, Robert L. Chesire, Don C. Young, and Frank P. Brennan, for appellee.

Walter I. Wolfe, for appellant.

RICHARDS, J.—A decree foreclosing plaintiff's real estate mortgage having been entered, and the premises having been sold under special execution, defendant Ella G. Wood, invoking the provisions of Senate File 16, Ch. 78, Acts of the 47th Gen-

eral Assembly, filed a timely application for the extension of the period of redemption to March 1, 1939. Plaintiff filed a resistance. Upon a hearing on June 3, 1937, it was ordered that the application be denied. Therefrom defendant Ella G. Wood appealed.

When an application, such as was defendant's, is filed, section 2 of Senate File 16 provides that the court shall order that no sheriff's deed shall issue until March 1, 1939, unless upon hearing upon the application good cause is shown to the contrary or the application is found not to have been made in good faith. The questions presented on this appeal are whether good cause was shown to the contrary and whether the application was not made in good faith within the purview of Senate File 16.

The evidence in the record that appellee deems material to these questions includes the following. Defendant Ella G. Wood was, at the time of all transactions that will be mentioned, a resident of Chattanooga, Tennessee, where her occupation was teaching school. She had given to her sister Sarah G. Norton a general power of attorney. Sarah G. Norton was in the real estate business, and resided in Nebraska. As such attorney in fact she acquired for Ella G. Wood a deed to the mortgaged premises, dated October 29, 1935, and which was filed for record March 10, 1936. The grantors in the deed were the defendants Murdock, who as owners had executed to plaintiff the note and mortgage on which this action was brought. The consideration to the Murdocks was either $100 or $200 and the assignment of a lease of Nebraska land. At the time Ella G. Wood acquired her title this foreclosure action was pending, the petition having been filed August 15, 1935. The deed was accepted without examination of the title or of any abstract of the title. The foregoing matters are undisputed. Sarah G. Norton also testified that she did not know the mortgage was in the process of foreclosure. From the evidence relating to the value of the mortgaged premises at the time of the trial and at the time defendant Ella G. Wood acquired title the necessary conclusion is that such value was substantially less than the amount the mortgage secured. Defendant Ella G. Wood possessed securities and real estate, in Tennessee and in Iowa. It is admitted by her that she was financially able to redeem at any time had

she desired so to do. In the testimony of Sarah G. Norton, defendant's witness, appears this:

"Question: She (Ella G. Wood) is depending on the increase of the value of the land? Answer: No, she is selling some of her land. That is the reason she expects to take that. Of course, I do not think she has to pay 100 cents on the dollar for that mortgage. We don't want to do that."

In construing chapter 115, Acts of the 46th General Assembly, a moratorium act providing for continuance of foreclosure actions under certain circumstances, we recognized in First Trust Joint Stock Land Bank v. Wylie, 221 Iowa 27, 265 N. W. 181, that the matter was in equity and that [page 30 of 221 Iowa, page 183 of 265 N. W.]:

"He who seeks equity must do equity. The mortgagee is entitled to some consideration in a court of equity," and that "Manifestly, the moratorium statute was never intended for mere delay or for the purpose of enabling the owners of the real estate to profit by speculation."

It was held under the facts in the Wylie case that the district court rightly refused a continuance. The holding in the Wylie case concerned a moratorium statute which did not contain the express provision found in the later enactment, Senate File 16, with reference to good faith in the making of the application. In Miller v. Ellison, 221 Iowa 1174, 265 N. W. 908, it was held that the applicant was not entitled to a continuance under Chapter 115 of the Acts of 46th General Assembly, it appearing that he had not done and was not willing to do equity. One of the facts taken into consideration was that the applicant had evinced an intention to really do nothing for the relief of the mortgagee, unless the applicant could get the mortgage cut down whereby the mortgagee would relinquish more than half of that to which she was legally entitled. In the case at bar the applicant admittedly does not want to pay 100 cents on the dollar and does not think she has to do so. This attitude, coupled with all the circumstances we have mentioned under which defendant became the title holder, after the commencement of the foreclosure action, the title acquired being to a property inadequate to pay the lien that was upon it, leads us to believe the purchase was, so far as concerns Senate

File 16, a speculative venture. Consistently with the cases we have cited the majority of the court is of the opinion the trial court did not err in refusing to extend the period of redemption.—Affirmed.

SAGER, C. J., and MITCHELL, HAMILTON, STIGER, and OLIVER, JJ., concur.