DONALD NEWBY FARMS, INC., An
Iowa Corporation, Plaintiff–
Appellee,

v.

Donald Eugene STOLL, Daniel Lee Stoll,
and Jacqueline Lee Stueck,
Defendants–Appellants,

and

Roy E. Stoll and Chloris
Stoll, Defendants.

No. 94–922.

Court of Appeals of Iowa.

Nov. 27, 1995.

William B. Serangeli of Smith, Schneider, Stiles, Hudson, Serangeli, Mallaney, Shindler & Scalise, P.C., Des Moines, for appellants.

Ed Skinner and Larry G. Wilson of Skinner, Beattie & Wilson, P.C., Altoona, for appellee.

Heard by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

On January 5, 1968, the parents of Roy and Lee Stoll gifted to them four parcels of farmland, known as parcels A, B, C, and D. At the time, Lee was married to Laverne and Roy was married to Chloris. The brothers entered into a business known as "The Stoll Brothers Cattle Operation." Throughout the ensuing years the brothers secured loans against the property which were released as paid.

On May 9, 1974, Laverne filed for a divorce from Lee. They agreed to convey their one-half interest in parcel A to their children, Donald Stoll, Daniel Stoll, and Jacqueline Stueck, with Lee retaining a life interest in the property. The warranty deed conveying this interest was filed November 12, 1974. The brothers, however, continued to operate their cattle operation.

In July 1978, Roy and Lee sought a loan from the Farmers Home Administration (FmHA). As security for the loan the brothers and their wives, on July 26, 1978, execut-

ed mortgages to the FmHA to parcels A, B, C, and D. A promissory note to the FmHA in the amount of $621,000 with interest at eight percent was executed.

With respect to parcel A only, a subordination agreement (agreed to by the FmHA) was entered into by the brothers and their wives as first parties, and the three children and their spouses as second parties. The subordination agreement noted Roy had an undivided one-half interest, Lee had a life estate in an undivided one-half interest, and the three children had a remainder interest in an undivided one-half interest in parcel A. As second parties to the subordination agreement, the three children agreed to subordinate their remainder interest *to the mortgage in favor of the FmHA.* The agreement also provided the mortgage placed on parcel A would additionally be secured by the remaining three parcels.[1] These additional parcels were required to be sold in satisfaction of the mortgage before parcel A could be sold. It is significant to note at this juncture the children's remaining interest was subordinated to "a mortgage" and not to a specific amount.

On May 9, 1985, Lee and his new wife, Donna, conveyed their interest in all four parcels to Roy and Chloris. The three children, of course, still held their one-half remainder interest in parcel A. Shortly thereafter, the FmHA obtained a new note from an entity called "L & R Farms" (by this date, Roy was the sole owner of L & R Farms), with Roy and Chloris as signatories, in the amount of $745,789.60 plus eight percent interest. This new note was a mere reamortization of the original July 1978 note of $631,000 plus accrued and unpaid interest.

In 1987, the FmHA threatened Roy and Chloris with foreclosure due to delinquent payments. On February 29, 1988, Roy and Chloris entered into an agreement with Newby Farms, Inc., to sell their interest in some of the farmland[2] for $450,500. The FmHA

1. There was a previous Federal Land Bank mortgage on the subject real estate that was released on August 15, 1978, against parcel A. This release was filed in August 1978, a date after the subordinated mortgage in favor of the FmHA. This was a lien on parcel A and was paid for by the proceeds from the new mortgage.

2. The subject of this sale is in dispute on appeal. As will be discussed later in this opinion, appellants contend only Roy and Chloris's interest in parcel A was sold. Newby Farms argues Roy and Chloris's interest in all of the parcels was sold.

assigned its mortgage, the note, and liabilities to Newby Farms. Roy and Chloris deeded to Newby Farms their interest in lieu of foreclosure.

On May 8, 1991, Newby Farms initiated foreclosure proceedings against the Stolls and the three children who owned the remainder interest in parcel A. On October 30, 1991, Newby Farms was awarded an in rem default judgment in the amount of $1,054,470 against Roy and Chloris. A sheriff's sale followed. The property sold at the October 1991 sheriff's sale included parcels C and D. After that sale, there yet remained a balance due on the judgment, including interest, of $864,163.31. On November 26, 1991, the interest of Roy and Chloris in Parcel B was sold at a sheriff's sale for $500,000. After the sale of parcels B, C, and D, there was a balance due of $367,763.17 on the judgment.

This action is brought to satisfy the balance due on the judgment of $367,763.17. The children resisted centering their argument, for the most part, on the ground the mortgage and note sued upon by Newby Farms was not the same to which the subordination agreement applied.

The matter was submitted to the trial court under a set of stipulated facts. The trial court found the controlling issue to be as follows:

> The controlling issue in this case is whether the subordination agreement limits the subordination of Donald Stoll, Daniel Stoll, and Jacqueline Stueck's remainder interest to the mortgage principal of $631,000 or whether the language subordinates the remainder interest to the mortgage principal of $631,000 plus interest.

The trial court essentially held the language of the subordination agreement subordinated the children's remainder interest not only to the mortgage principal of $631,000, but also to the interest due thereon. The district court ruled Newby Farms' judgment in rem for $367,763.17 had priority status over the remainder interest of the three children pursuant to the subordination agreement and ordered a special execution be issued placing

parcel A for sale to satisfy the remainder of the judgment.

The three children appeal. We affirm.

■■■ As this case was tried in equity, our review on appeal is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

## I.

Appellants' first contention is the district court erred in ordering parcel A sold since the terms of the subordination agreement had not been met. Specifically, they assert there is no evidence parcel D was ever sold.

As previously noted, this matter was submitted to the trial court under a set of stipulated facts. We have set forth the court's determination as to the controlling issue. We note from the trial court's ruling there is no mention of this issue. In addition, we do not find that a 179(b) motion was filed.

We question whether error was properly preserved as to this issue. However, since the subordination agreement specifically provided that parcels B, C, and D had to be sold before parcel A, we prefer to address this question. In doing so, we conclude this condition precedent was met.

There can be little, if any, dispute the first Sheriff's Certificate of Purchase reveals the real estate listed in that certificate was sold on October 10, 1991 for $240,000. A precise examination of the description of the property as contained in that Sheriff's Certificate of Purchase clearly includes parcels C and D. Likewise, the other Sheriff's Certificate of Purchase shows that parcel B was sold for the sum of $500,000. From these two certificates, we conclude that parcels B, C, and D were sold before moving against parcel A in this present action. We conclude the evidence does establish this condition precedent was met.[3] In addition, the stipulated facts provide "after this sale" (which by stipulation included B and C and from stipulated Exhib-

---

**3.** The stipulated facts state only parcels B and C

were sold. However, those facts also refer to

it 20 has to include D), there remains an unsatisfied judgment of $367,763.17.

## II.

Appellants' second argument is the sale of parcel A is not necessary because Newby Farms' judgment in rem has already been satisfied in full. It is clear error was not preserved on this issue. As we noted in the previous division, this issue was not passed on by the trial court, nor was a rule 179(b) motion filed.

It is well settled a rule 179(b) motion is essential to preserve error when a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted to it for adjudication. *State Farm Mut. Auto. Ins. Co. v. Pflibsen,* 350 N.W.2d 202, 206–07 (Iowa 1984). Issues must ordinarily be presented to and passed upon by the trial court before they may be raised and decided on appeal. *Id.; see also Arnold v. Lang,* 259 N.W.2d 749, 753 (Iowa 1977).

Even if error had been preserved, we note that paragraph twenty of the stipulated facts provides for an unsatisfied balance due on the mortgage of $367,763.17. This paragraph appears after paragraph ten which makes reference to the purchase agreement referred to by appellants in their briefs. We conclude the remaining balance of $367,-763.17 has not been satisfied.

## III.

We shall consider appellants' remaining issues together. Appellants contend the subordination agreement is limited to the debt under the first mortgage. In a related issue, appellants argue the district court erred in determining the subordination agreement applied to the mortgage and note sued upon. Both of these questions hinge upon the wording of the subordination agreement.

The most pertinent parts of the subordination agreement are the following paragraphs:

Now, Therefore, It Is Hereby Agreed that in consideration of One Dollar, and other valuable consideration, Donald Eugene Stoll, Daniel Lee Stoll, and Jacquelyn Lee Stueck, Second Parties, hereby agree that all of their right, title and interest in

Exhibit 20 which is the Sheriff's Certificate of

and to the above described real estate *shall be subordinated to a mortgage* to be made or insured by the United States of America, acting through the Farmers Home Administration, it is specifically agreed by Donald Eugene Stoll, Daniel Lee Stoll, and Jacquelyn Lee Stueck that the mortgage in favor of the United States of America, acting through the Farmers Home Administration, be a first and paramount lien on the subject real estate prior to their remainder interest and that their remainder interest be subordinated to said mortgage, however this subordination agreement pertains to no other lien or mortgage or encumbrance whatsoever in respect to the above described real estate.

. . . .

All Parties Hereto Agree that this Subordination Agreement shall be binding upon their heirs, successors in interest or personal representatives and that the same shall be recorded, placed of record in respect to the above described real estate and their spouses join in said agreement for the purpose of relinquishing all of their rights of dower, homestead and distributive share in and to the above described premises to accomplish the specific purpose of releasing of their right, title and interest in and to the above described real estate in favor of the United States of America, acting through the Farmers Home Administration *pursuant to a mortgage of indebtedness to be placed upon the above described real estate by the United States of America acting through the Farmers Home Administration in the approximate amount of Six Hundred, Thirty–One Thousand Dollars ($631,000.00).*

(Emphasis added.) There are several conclusions that can be drawn from this agreement. First, the agreement does not refer to a specific mortgage. Rather, it refers to a mortgage made or insured by the FmHA. Second, the agreement uses the principal of $631,000 to better identify the mortgage referred to in the agreement. Third, we note the word "approximate" is used in defining the mortgage indebtedness. Finally, the agreement states "that their remainder interest be subordinated to said mortgage." The mortgage is equivalent to the principal and

Purchase.

the interest on the principal. This would indicate the subordination is not limited to the principal amount alone. We find the agreement, when read as a whole, does not limit the subordination to the principal amount of the 1978 mortgage.

With the previous observations in mind, we now turn to the 1985 promissory note. On the first page of that note, it is clear the note was intended to be a reamortization of the 1978 note. It was not an initial loan, a subsequent loan, a consolidation and subsequent loan, a consolidation, a rescheduling, a credit sale, or a deferred payment. We find no material difference between the original note and the 1985 reamortized note. They are essentially the same loan. For this reason, in addition to the lack of a specific limitation in the subordination agreement, we find the subordination agreement remained in effect under the 1985 reamortization.

Upon consideration of all issues raised on appeal by both parties, we affirm the decision of the district court.

**AFFIRMED.**