# IN THE COURT OF APPEALS OF IOWA

No. 17-1349
Filed October 10, 2018

**FARMERS SAVINGS BANK,**
    Plaintiff-Appellee,

**vs.**

**RICHARD ALLEN WESSELS, PRIME RUT, INC., and WESSELS LAND, LLC,**
    Defendants-Appellants,

**and**

**ROBB WESSELS,**
    Defendant.
_____

Appeal from the Iowa District Court for Clayton County, John J. Bauercamper, Judge.

Appellants appeal a district court decree granting foreclosure of mortgages on farm property in favor of Farmers Savings Bank. **AFFIRMED.**

Peter C. Riley and Patrick J. Riley of Tom Riley Law Firm, PLC, Cedar Rapids, for appellants.

D. Flint Drake and Samuel M. Degree of Drake Law Firm, PC, Dubuque, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Appellants[1] appeal a district court decree granting foreclosure of mortgages on farm property located in Clayton County, Iowa, in favor of Farmers Savings Bank (FSB).

**I.      Background Facts and Proceedings**

Upon our de novo review of the record, we make the following factual findings. In the fall of 2005, Richard Wessels approached FSB's senior vice president, Mike Funke, for refinancing services in relation to debts secured by Wessels's Clayton County farm, on which another lender was preparing to foreclose. On April 21, 2006, Wessels granted FSB a mortgage on the farm to secure a loan in the amount of $371,000.00. The mortgage defined "secured debt" as, among other things:

> All . . . future obligations of Mortgagor to Lender under any promissory note, contract, guaranty, or other evidence of debt existing now or executed after this Mortgage whether or not this Mortgage is specifically referred to in the evidence of debt and whether or not such future advances or obligations are incurred for any purpose that was related or unrelated to the purpose of the Evidence of Debt [and] [a]ll obligations Mortgagor owes to Lender which now exist or may later arise, to the extent not prohibited by law . . . .

For a few years, Wessels generally made his payments under this loan in a timely fashion.

In the fall of 2008, Wessels approached Funke about financing to purchase a bar in Linn County. At this point in time, Wessels still owed on the 2006 loan and

---

[1] The appellants include Richard Wessels and two of his businesses, Prime Rut, Inc., the entity Wessels incorporated to operate his bar business, and Wessels Land, LLC, an entity Wessels organized to own the real property on which his bar business is located. Generally, the appellants will be collectively referred to as Wessels.

the farm was still encumbered by the 2006 mortgage. Funke advised Wessels the farm would be the primary collateral for the bar loan while the bar itself would serve as secondary collateral. On January 20, 2009, Wessels, on behalf of Wessels Land, LLC, executed a promissory note in the amount of $300,448.84. Wessels signed a personal guaranty of payment and granted FSB a second mortgage on the farm to secure the 2009 bar loan. The 2009 mortgage defined "secured debt" in the same manner as the 2006 mortgage. In February 2010, Wessels signed a second promissory note in the amount of $27,201.00 to obtain a loan to remodel the bar. The note provided the 2010 loan would be secured by the previously granted mortgages on the farm.

Wessels began to fall behind on his payments in late 2009. Problems with Wessels's ability to meet his obligations on the loans continued through 2012. In June 2012, the FDIC inspected FSB's loan files as to Wessels and recommended that FSB be much more aggressive in collecting from Wessels or foreclose on the mortgages. Shortly thereafter, Funke met with Wessels to discuss the situation and recommended that Wessels sell a portion of the farm and use the proceeds to get current with his loan obligations. At this point, Wessels advised Funke he had deeded the farm to his son, Robb, and directed Funke to contact Robb to get it sorted out.[2] This was the first time FSB had any knowledge the farm had been deeded to Robb. Funke contacted Robb and advised foreclosure was looming if progress on the loans was not made by the end of September. Robb, the title

---

[2] Wessels deeded the property to Robb about a year earlier, in July 2011.

holder of the farm at this time and fearing foreclosure, advised Funke he desired to refinance the original farm debt into his name and bring the bar debt current.

Prior to offering Robb refinancing services, FSB had a title opinion prepared as to the farm. The title opinion found good and merchantable title to be held by Robb. On September 27, Robb executed a promissory note in the amount of $146,000.00 and granted FSB a mortgage on the farm to secure the loan. The same day, Robb paid off the original 2006 loan and paid enough on the 2009 and 2010 bar loans to bring them current.[3] Also on the same day, Wessels and FSB entered into extension agreements for the remainder of the 2009 and 2010 bar loans.

In January 2013, Wessels again began to fall behind on his payment obligations as to the bar loans. FSB continued to work with Wessels instead of resorting to foreclosure. In May or June, shortly after somewhat of a breakdown in the relationship between Wessels and Robb, Robb and FSB learned Wessels was disputing Robb's ownership of the farm. Wessels ultimately prevailed in the legal battle relating to this dispute upon a court finding that he lacked competency at the time he signed the deed conveying the property to Robb, and title of the farm was ordered to be returned to Wessels. Robb deeded the property back to Wessels in or about August 2015 and thereafter discontinued making payments on the 2012 loan. Wessels advised Funke he would start making the payments on the 2012 loan, but he never did.

---

[3] Specifically, $102,848.78 was applied to pay off the 2006 loan, $6510.00 was applied to bring the 2009 loan current, and $1245.00 was applied to bring the 2010 loan current. Robb used the remaining $35,396.22 of the loan funds to purchase farm equipment.

Apparently as a result of Wessels's continuing inability to meet his obligations on the 2009 bar loan, FSB chose to move forward with foreclosing on the Linn County bar mortgage and filed a foreclosure action in the Iowa District Court for Linn County in April 2014. FSB prevailed in the Linn County foreclosure proceedings and the bar was auctioned off at a sheriff's sale in September 2015, which resulted in net proceeds of $130,585.35. The foreclosure decree in the Linn County action entitled FSB to a deficiency judgment for any amount owed under the 2009 bar loan following application of the proceeds from the sheriff's sale. FSB did not seek foreclosure of the Clayton County farm in the Linn County action.

In October 2014, FSB filed a petition in the Iowa District Court for Clayton County to foreclose the farm mortgages. Amended petitions were filed in January and December 2015. FSB pled the deficiency judgment resulting from the Linn County foreclosure proceeding concerning the 2009 mortgage was secured by the mortgages on the Clayton County farm. The appellants filed a cross-petition seeking a judgment declaring Robb's grant of a mortgage on the farm in 2012 was invalid.

A bench trial was held in February 2017. According to the district court's subsequent order granting FSB's petition, at the beginning of trial the appellants raised defenses of "merger" and "election of remedies."[4] FSB objected to the defenses on timeliness and proper-pleading grounds. The court did not rule on

---

[4] Based on the parties' briefs on appeal, we assume these defenses were raised in opening statements. Those statements were apparently not reported, as the trial transcript begins and ends with witness testimony. Other than the district court's decree noting these defenses were raised, there is no record of the same being raised prior to or during trial.

the objection at trial. Following trial, the court allowed the parties an opportunity to submit post-trial briefs. In the appellants' post-trial brief, they argued FSB could not foreclose on the 2006 and 2009 mortgages to enforce the 2009 promissory note obligation because upon entry of the foreclosure judgment in the Linn County action any remaining obligation to pay on that debt was merged into the deficiency judgment, such judgment could only be enforced by way of a general execution, and a general execution could not be had on the farm because it was Wessels's purported homestead. A specific argument as to the election-of-remedies defense was not forwarded. In its subsequent order granting the petition, the district court rejected the appellants' "last minute defenses" finding the failure to timely raise or plead the defenses resulted in prejudice to FSB's prosecution of the case and pretrial discovery efforts. The court granted foreclosure and entered judgment against the appellants as to their debt under the Linn County deficiency judgment (which concerned the 2009 bar loan) and the 2010 bar loan. Judgment was entered against Robb as to his debt under the 2012 note and mortgage. In a ruling following appellants' motion to enlarge or amend, the court concluded that the mortgage granted by Robb in 2012 was not invalid.

Wessels appeals.

## II. Standard of Review

Foreclosure proceedings are equitable in nature, appellate review of which is de novo. Iowa Code § 654.1; Iowa R. App. P. 6.907; *First State Bank, Belmond v. Kalkwarf*, 495 N.W.2d 708, 711 (Iowa 1993). We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R. App. P. 6.904(3)(g). Our duty

is "to examine the entire record and adjudicate anew rights on the issues properly presented." *Donald Newby Farms, Inc. v. Stoll*, 543 N.W.2d 289, 291 (Iowa Ct. App. 1995).

## III.     Analysis

Wessels presents us with two arguments on appeal.  We will address them in turn.  First, Wessels argues that because the 2009 bar mortgage was foreclosed upon in the Linn County action and the amounts owed under that judgment following a sheriff's sale of the bar became a deficiency judgment, his obligations under the 2009 note merged into the deficiency judgment and cannot be enforced by foreclosure of the mortgage on the Clayton County farm, but only by way of a general execution.[5]  We choose to bypass FSB's error-preservation concern on this argument and proceed to the merits.  *See, e.g.*, *State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999); *In re B.E.*, 875 N.W.2d 181, 187 (Iowa Ct. App. 2015).

The doctrine of merger provides "[w]hen the plaintiff recovers a valid and final personal judgment," such as the deficiency judgment in the Linn County foreclosure action, "his original claim is extinguished and rights upon the judgment are substituted for it." *Brenton State Bank of Jefferson v. Tiffany*, 440 N.W.2d 583, 585 (Iowa 1989) (quoting Restatement (Second) of Judgments § 18 cmt. a (Am. Law Inst. 1982)).  As the supreme court has pointed out, "[t]he doctrine of merger is not as relentless and destructive as it might first appear," especially when

---

[5] Wessels additionally seems to argue because FSB did not seek to foreclose on the Clayton County farm mortgages in the Linn County action, election-of-remedies principles now preclude FSB from foreclosing on the farm.  Because Wessels provides us with no legal authority to support his conclusory assertion, we deem the argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3).  In any event, Wessels seems to concede the election-of-remedies principle only applies when "separate actions are brought in the same county." *See* Iowa Code § 654.4.  Such circumstances are not present in this case.

considering liens and mortgages. *See id.* at 585–86. Specifically, even when a creditor obtains a personal judgment against a debtor, "[t]he creditor retains the right to enforce a lien or gain possession of property held as collateral for the debt." *Id.* at 585. Simply stated, "if a creditor has a lien upon property of the debtor and obtains a judgment against him, the creditor does not thereby lose the benefit of the lien." *Id.* at 585–86 (quoting Restatement (Second) of Judgments § 18 cmt. g). Taking judgment on a note has no effect on the mortgage when the underlying debt remains unpaid. *See id.* at 586.

Here, after the proceeds from the Sheriff's sale of the bar failed to satisfy the 2009 note debt, FSB had a personal deficiency judgment against Wessels for the remaining judgment arising from the 2009 note. The underlying debt remains unpaid. The 2006 mortgage on the Clayton County farm included in its definition of "secured debt" "all obligations Mortgagor owes to Lender which now exist or may later arise." While it is true the remaining debt from the promissory note that was secured by the 2009 mortgage is now in the form of a deficiency judgment, FSB had the right to enforce all of appellants' debt obligations by foreclosing on the mortgages on the farm that was still held as collateral for the debts. We affirm the district court's rejection of Wessels's merger claim.

Second, Wessels argues the evidence establishes FSB had notice of deficiencies in Robb's title to the farm when it extended him a loan and allowed him to grant a mortgage on the farm. He specifically contends "Funke had facts to put him on notice of the dispute of ownership" of the farm at the time Robb granted FSB a mortgage on the farm and FSB therefore does not qualify as a bona fide mortgagee purchaser. The only evidence Wessels is able to point to in support of

his position is that of his own testimony that he advised Funke against extending a loan to Robb and protested the refinancing arrangements. As did the district court, we do not find the testimony of Wessels to have any substantial credibility, and we find nothing in his testimony supports his claim that Funke had any knowledge that Robb's ownership was subject to challenge. Upon our de novo review of the record, we find no credible evidence that FSB was, or should have been, on notice of any deficiency in Robb's title to the farm at the time the 2012 mortgage was granted.

Having reviewed de novo the issues properly presented on appeal, we affirm the outcome of the district court proceedings.

**AFFIRMED.**