# IN THE COURT OF APPEALS OF IOWA

No. 18-0514
Filed October 23, 2019

**FARM CREDIT SERVICES OF AMERICA, FLCA,**
　　Plaintiff-Appellee,

**vs.**

**DALE W. BRAAKSMA, DANNA S. BRAAKSMA, and BRAAKSMA GRAIN FARMS, INC.,**
　　Defendants-Appellants.

_____

　　Appeal from the Iowa District Court for Osceola County, Carl J. Petersen, Judge.


　　Borrowers appeal the district court's denial of their motion to continue the lender's action to foreclose their real estate mortgage without an evidentiary hearing. **APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**


　　Richard H. Moeller of Moore, Heffernan, Moeller, Johnson & Meis, L.L.P., Sioux City, for appellants.

　　Thomas H. Burke and Molly M. Brown of Whitfield & Eddy, P.L.C., Des Moines, for appellee.


　　Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

It's a bit like rearranging the deck chairs on the Titanic. That's how counsel for Farm Credit Services of America described a motion to continue its mortgage foreclosure action under Iowa Code section 654.15 (2017), filed by borrowers Dale and Danna Braaksma and Braaksma Grain Farms, Inc. (collectively, the Braaksmas). Farm Credit sought foreclosure against the Braaksmas for amounts due on two promissory notes and sought to conclude litigation with a summary judgment motion.[1] The Braaksmas filed their motion to continue the day before the summary judgment hearing. Farm Credit argued the Braaksmas did not seek the continuance in good faith—given its timing and the extent of their other indebtedness. The district court agreed, calling the motion a "last ditch effort" to delay the foreclosure proceedings.

The Braaksmas contend the district court abused its discretion in denying their motion to continue the foreclosure action without setting an evidentiary hearing. Farm Credit defends the district court's decision but also urges the appeal is moot as to one of the two promissory notes. To prove mootness, Farm Credit points to a February 2019 redemption assignment in which the Braaksmas assign

---

[1] In 2008, the Braaksmas executed the first promissory note (Note 201) in the original principal amount of $150,000. The mortgage on Note 201 encumbered a thirty-five-acre parcel of agricultural real estate in Osceola County. In 2009, the Braaksmas executed the second note (Note 325) for the original principal amount of $90,000. About nine acres of commercial, non-agricultural real estate in Osceola County served as collateral for Note 325. According to the suit, as of July 2018, the Braaksmas owed Farm Credit $122,294.52 on Note 201 and $32,380.38 on Note 32. For ease of reference, we refer to the properties securing the notes as the Note 201 property and the Note 325 property, respectively.

their right of redemption "as well as all of their right, title, interest, and equity" in the Note 201 property to a third party.[2]

Jo's Family Farms, LLC, purchased the Note 201 property at a February 2018 sheriff's sale.[3]  One year later—before the Braaksmas' redemption window closed—they assigned their right of redemption to Robert Zylstra.  Zylstra then exercised his newly acquired right of redemption, tendering $255,363.45 for the Note 201 property.  The district court ordered the funds disbursed to Jo's Family Farms and a sheriff's deed issued to Zylstra.

Because the Braaksmas do not retain an interest in the collateral for Note 201, we agree the appeal is moot as to that real estate.  *See Lincoln Joint Stock Land Bank of Lincoln, Neb. v. Hansen*, 263 N.W. 821, 822 (Iowa 1935) (dismissing as moot an appeal from refusal to grant continuance of mortgage foreclosure action and hypothetically asking: "Should the court find that the order refusing to grant a continuance should be reversed, of what benefit would it be to the appellant?"); *see also Newman v. Callahan*, 237 N.W. 514, 514 (Iowa 1931) (deeming question of fraudulent transfer of real estate was moot where "one of the mortgages against said land had been foreclosed, and the sheriff's certificate issued thereon to an outside party, who is not a party to this litigation, and the time for redemption expired without any redemption having been made by any of the parties").  We will address the Braaksmas' claim as to the Note 325 property.

---

[2] Generally, "on appeal we cannot consider matters outside the trial court record."  *Clarke Cty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 170 n.3 (Iowa 2015).  We recognize an exception to this rule when considering mootness.  *Id.*

[3] The Braaksmas redeemed the Note 325 property before the scheduled sheriff's sale.

## I.    Prior Proceedings

In August 2017, Farm Credit petitioned for foreclosure on both Note 201 and Note 325. The lender alleged the notes were in default due to the Braaksmas' failure to make payments when due. Farm Credit recounted sending the Braaksmas notices of the right to cure in February and June 2017, and a notice of default and acceleration of the demand for payment in July 2017. The petition also listed other potential encumbrances on the Note 201 property including a judgment of $1,140,851 owed to the estate of Tena Steensma and a judgment of $1,175,000 owed to Sibley State Bank.

In the Braaksmas' September 2017 answer, they denied Farm Credit's allegations of default on the two promissory notes.

Later that month, Farm Credit moved for summary judgment. The Braaksmas resisted the motion.[4] The court set a summary judgment hearing for October 27, 2017. On the eve of the hearing, the Braaksmas asked the court for a continuance under Iowa Code section 654.15:

> COMES NOW the Defendants and in support of their Motion for Continuance state as follows:
> 1. That the Defendants request a stay of proceeding pursuant to Section 654.15 of the [c]ode and allege that the reason the Owners failed to pay was caused by excessive rain in the spring and as a result of those climatic conditions, it resulted in lower yields.
> 2. That the fall was caused by excessive rains received after March 1, 2017, and was for crop year, 2016.

---

[4] The Braaksmas' resistance contained only two sentences:
> COMES NOW the Defendants and resist the Motion for Summary Judgment filed by the Plaintiff herein.
> WHEREFORE, the Defendants pray that the Court deny the relief requested by the Plaintiff and further be allowed to participate by telephone at said hearing and for such other and further relief as the Court deems equitable in the premises.

3. That out of the 2017 crop, the Receiver shall receive a fair market rental value of $200.00 per acre to pay the expenses as set forth in previous paragraphs.

4. That said application is based upon the use of the real estate for farming.

WHEREFORE, the undersigned prays that the court enter an Order continuing the Motion for Summary Judgment scheduled for October 27, 2017, set a time and place for a hearing for a determination of whether [s]ection 654.15 applies and for such other and further relief as the Court deems equitable in the premises.

Just hours later, Farm Credit filed its resistance, pointing out the Braaksmas had not satisfied a prerequisite to a section 654.15(1)(a) motion—admission to some indebtedness and breach of their obligations.[5] The court set a hearing on the Braaksmas' motion to coincide with the summary-judgment hearing at 11:30 the next morning.

At 10:42 a.m. on the day of the hearing, the Braaksmas amended their answer admitting all of Farm Credit's allegations.

After a telephonic hearing, the district court denied the Braaksmas' motion for continuance, finding:

---

[5] Specifically, Iowa Code section 654.15(1)(a) provides:

In all actions for the foreclosure of real estate mortgages, . . . when the owner enters an appearance and files an answer admitting some indebtedness and breach of the terms of the designated instrument, which admissions cannot be withdrawn or denied after a continuance is granted, the owner may apply for a continuance of the foreclosure action if the default or inability of the owner to pay or perform is mainly due or brought about by reason of drought, flood, heat, hail, storm, or other climatic conditions or by reason of the infestation of pests which affect the land in controversy. The application must be in writing and filed at or before final decree. Upon the filing of the application the court shall set a day for hearing on the application and provide by order for notice to be given to the plaintiff of the time fixed for the hearing. If the court finds that the application is made in good faith and is supported by competent evidence showing that default in payment or inability to pay is due to drought, flood, heat, hail, storm, or other climatic conditions or due to infestation of pests, the court may continue the foreclosure proceeding . . . .

> Said motion was not timely nor made in good faith. Only upon review of Plaintiff's resistance did Braaksma amend [its] answer admitting to the allegations of petition. The Motion itself was deficient in presenting any credible evidence that any rainfall caused the troubles of Braaksma. The Motion to Continue was filed as a last ditch effort to delay these proceedings.

The court also granted Farm Credit's motion for summary judgment.

The Braaksmas then filed this appeal, arguing the district court should have held an evidentiary hearing on their motion to continue before granting Farm Credit's motion for summary judgment. Because "the date for the original continuance, March 1, 2018, has come and gone," they ask us to set aside the sheriff's sale and "restore ownership of the farm to the Braaksmas."

## II.     Scope and Standards of Review

Parties try actions under chapter 654 in equity. Iowa Code § 654.1. So overall, we review the record de novo. Iowa R. App. P. 6.907. "We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented." *Donald Newby Farms, Inc. v. Stoll*, 543 N.W.2d 289, 291 (Iowa Ct. App. 1995) (citing *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981)).

But on a more granular level, we review the denial of a continuance under the foreclosure moratorium statute for an abuse of discretion. *Sibley State Bank v. Braaksma*, No. 17-1021, 2018 WL 3471850, at *2 (Iowa Ct. App. July 18, 2018) (citing *Ronan v. Larson*, 278 N.W. 641, 642 (Iowa 1938)); *see also Bank of Craig, Craig, Mo. v. Hughes*, 398 N.W.2d 216, 218 (Iowa Ct. App. 1986) (confirming "the legislature gave the trial court discretion in granting or denying the moratorium").

### III. Analysis

The Braaksmas complain the district court abused its discretion by denying their motion to continue without holding an evidentiary hearing. The premise of that complaint is sound. No question section 654.15(1)(a) mandates the district court set a hearing upon the owner's filing of an application to continue a foreclosure proceeding. The flaw in the Braaksmas' argument is the notion the district court did not hold a hearing—when it did.[6]

On the same day as the Braaksmas filed their motion to continue, the district court issued an order setting that motion for hearing. The court decided to schedule the motion to continue for October 27, at the same time as the hearing on Farm Credit's motion for summary judgment. At the start of the October 27 hearing, the court announced "we'll go forward then with the motion to continue based upon its ramifications on the motion for summary judgment."

The court then called on the Braaksmas' counsel to present their position. Counsel explained, "[T]he debtors' position is that they had a lot of rain in the spring, were unable to get their crops in in a timely fashion." As proof, counsel said he had a copy of the debtors' claim for crop insurance that year.[7] According to counsel, that exhibit would show "what they were paid for was to replant, which

---

[6] We recognize our supreme court defined "hearing" in this context as "the trial of an issue, including the introduction of the evidence, the arguments, the consideration by the court, and the final decree and order." *Eq. Life Ins. Co. of Iowa v. McNamara*, 278 N.W. 910, 913 (Iowa 1938). Based on *McNamara*, we reject Farm Credit's argument that the Braaksmas are reading too much into the term "hearing."

[7] Braaksmas' counsel griped that "because of the shortness of this notice of the hearing today" he was unable to submit the exhibit to the court. But the Braaksmas had only themselves to blame for the tight turnaround before the hearing. They did not file the motion to continue until the day before the summary-judgment hearing. And they did not amend their answer to admit their indebtedness, a prerequisite for the continuance under section 654.15(1)(a), until the morning of the hearing.

replanting resulted in the crop going in later than it should have to be timely, and as a result thereof, would have produced less grain than if they had timely planted." In response to a question from the court, counsel said the crop year at issue was 2016.

What came next in the hearing is the crux of the Braaksmas' appeal. The district court said because "this isn't an evidentiary hearing" the court "doesn't need any information about rainfall and things like that." The court told the parties it would decide first whether the application was filed in good faith. The court then asked Braaksma's counsel whether he had "anything else in that regard." And counsel responded no.

Although the court professed not to be holding an "evidentiary hearing," it nonetheless allowed Braaksmas' counsel to address whether they filed their application in good faith. But they bypassed the opportunity. We also view the court's statement that it didn't need information about "rainfall and things like that" as showing the court held the question of good faith to be dispositive. As indeed it was.

On behalf of Farm Credit, counsel asserted "this is not a good faith application." Farm Credit underscored the Braaksma's overall debt load. Counsel argued:

> My case is relatively minor. Continuing my case, which involves two parcels of land, one a nine-acre parcel with a few buildings on it, and the other a thirty-five-acre parcel for a total aggregate debt of less than $300,000, is a—is a bit like moving the [deck] chairs on the Titanic when these same defendants Braaksmas have got judgments entered against them by . . . the Estate of Tena Steensma for a million one, and by Sibley State Bank, who we named as a defendant by virtue of their judgment lien for a million one seventy-five.

The district court denied the motion to continue. One of its grounds for letting the foreclosure proceed was the Braaksmas' lack of good faith in filing the motion. Farm Credit's record at the hearing along with the eleventh-hour filing of the Braaksmas' motion and amended answer supported the court's decision. At the hearing, counsel for Farm Credit essentially reasoned that when considering the totality of the Braaksmas' debt, they could not assert in good faith that their inability to repay their loans was "mainly due or brought about by reason of" the wet spring of 2016. Iowa Code § 654.15(1)(a). Counsel for the Braaksmas offered nothing at the hearing to counter that reasoning. The district court also was entitled to consider that when the Braaksmas filed their motion, on the eve of the summary-judgment hearing, they had not yet admitted their indebtedness as required by the moratorium statute. *See id.*

From its inception, the purpose of the moratorium statute was "to afford the owner of the land an opportunity to refinance or pay up the indebtedness and save [the] farm within the moratorium period." *First Tr. Joint Stock Land Bank of Chicago, Ill. v. Closner*, 283 N.W. 79, 80 (Iowa 1938). On the other hand, "the moratorium statute was never intended for mere delay." *Fed. Farm Mortg. Corp. v. Murdock*, 283 N.W. 95, 96 (Iowa 1938) (noting one "who seeks equity must do equity"). Where, as here, there was no prospect of the debtors redeeming all of the land used as collateral on the loans at issue, a moratorium would have been "of no practical help" to them and would have denied the lender what the mortgage gave it. *See Closner*, 283 N.W.2d at 81. "'Continuance in such cases should not be allowed; they are unjustifiable.' Under such circumstances, it cannot be said

that an application is made in good faith." *Id.* (quoting *John Hancock Mut. Life Ins. Co. of Boston, Mass. v. Schlosser*, 269 N.W. 435, 436 (Iowa 1936).

The district court did not abuse its discretion in finding the record made at the hearing was sufficient to decide the Braaksmas did not file their motion to continue in good faith.

**APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**